

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2007

# USA v. Rodriguez

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2482

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Rodriguez" (2007). *2007 Decisions*. Paper 801.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/801

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2482
_____


UNITED STATES OF AMERICA

v.

PEDRO HERRERA RODRIGUEZ,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 05-cr-00245)
District Judge: Honorable  Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
on July 9, 2007

Before:  RENDELL and AMBRO, <u>Circuit Judges</u>
and SHAPIRO, <u>District Judge</u>.

(Filed: July 9, 2007)
_____

OPINION OF THE COURT
_____


_____

   *  Honorable Norma L. Shapiro, Senior Judge of the United States District Court for
   the Eastern District of Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

Defendant-Appellant Pedro Herrera Rodriguez ("Rodriguez") appeals his sentence imposed by the District Court. Rodriguez claims that the District Court did not clearly articulate its "meaningful consideration" of the sentencing factors in 18 U.S.C. § 3553(a), and therefor the sentence is not "reasonable" as required by *United States v. Booker*, 543 U.S. 220 (2005). We will affirm the District Court's sentence.

**DISCUSSION**

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review sentencing decisions for reasonableness. *Booker*, 543 U.S. at 264. As part of that review we must determine whether the District Court exercised its discretion by giving "meaningful consideration" to the factors in § 3553(a). *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

Rodriguez is an illegal immigrant who has repeatedly entered the United States illegally and subsequently been deported to Mexico. He was first deported for illegal entry into the United States in 1997. His second illegal re-entry was not discovered until 2003, at which time he was convicted of illegal re-entry and sentenced to nine months' imprisonment followed by one year of supervised release. A condition of his supervised release was that he would not re-enter the United States. In 2004, Rodriguez attempted to re-enter the United States a third time, specifically California. He was apprehended and later released from custody in November 2004. He then traveled to Pennsylvania to be with his family.

Police responded to a domestic dispute involving Rodriguez in April 2005. After his illegal status became known, he was sentenced to a year of imprisonment for violation of his supervised release condition from his 2003 conviction. The District Court explained that it chose to impose a high sentence in the hope that the Government would not bring an additional charge against Rodriguez. However, on June 22, 2005, the Government charged Rodriguez with illegal re-entry into the United States by a previously deported alien. Rodriguez pled guilty to that charge on January 5, 2006.

Rodriguez faced a statutory maximum of 120 months of imprisonment, and the Probation Office's Pre-Sentence Report ("PSR") recommended 21-27 months. Rodriguez requested a sentence of time served. The District Court sentenced Rodriguez to 18 months, and offered the following explanation from the bench regarding the § 3553(a) factors:

> The Court adopts the pre-sentence investigation report without change. The sentence departs from the guideline range for the following reasons: The Court has considered all factors in 3553(A), in particular the history and characteristics of the Defendant, and deems that a jail sentence is required considering his recidivism and his criminal history record.
> However, the Court has departed because at the time of the sentence imposed on his revocation of supervised release, the Court gave the maximum sentence imposed in the hopes that consideration would be given that no further action would be taken. The Court would have imposed a lesser sentence if the Court had every expectation of thinking that a criminal offense would be filed. Therefore, this reflects the Court's expectation of an appropriate sentence in this case.

Appx. 58.

3

This Court has explained that "[t]he record must demonstrate that the [District Court] gave meaningful consideration to the § 3553(a) factors," but does not need to discuss each of the factors if the record makes it clear that the District Court took the factors into account in sentencing. *Cooper*, 437 F.3d at 329. However, the *Cooper* Court also noted that "a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of legal merit (provided it has a factual basis).'" *Cooper*, 437 F.3d at 329 (citation omitted).

The District Court did give "meaningful consideration" to the § 3553(a) factors in this case. The District Court adopted the PSR without change, stated that it had considered all of the § 3553(a) factors, specified which factors were most relevant to this case, and imposed a sentence below the recommended range in light of its previous experience sentencing Rodriguez. Rodriguez did argue that he was seeking to receive time served because of his previous sentence, and the District Court properly explained that, due to his recidivism and significant criminal history, a jail sentence was required. In short, there is no suggestion that the District Court's sentence was unreasonable because it failed to give "meaningful consideration" to the § 3553(a) factors.

**CONCLUSION**

For the reasons described above, we will AFFIRM the sentence imposed by the District Court.